IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TENG YANG,

      Petitioner,               No. CIV S-08-2233 FCD KJM P

    vs.

D.K. SISTO,

      Respondent.            ORDER

_____/

      Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Several matters are before the court.

1. <u>Motion for Evidentiary Hearing</u>

      On July 30, 2010, petitioner filed a motion requesting that the court hold an evidentiary hearing. In deciding whether to hold a hearing, the court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. . . ." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007). In his motion, petitioner fails to identify any factual allegations to be developed at a hearing or to argue how the resolution of any facts would entitle him to relief. Petitioner's request will be denied without prejudice.

/////

2. <u>Motion for Subpoena</u>

Petitioner requests that the court issue a subpoena directed to the Butte County District Attorney's office for a jacket petitioner was wearing on the evening of the events leading to petitioner's conviction. It appears petitioner would like to have gunshot residue testing performed on the jacket. According to petitioner, a finding that there is no residue would support his claim that the California courts violated petitioner's Constitutional rights by failing to order testing, or by failing to appoint new counsel to investigate whether his trial counsel failed to provide the level of representation mandated by the Constitution. However, testing of the jacket now, in itself, would not aid the court's resolution of the questions presented by the petition, including whether a California court should have ordered testing in response to petitioner's motion for a new trial, or whether new counsel should have been appointed. Resolution of those issues is appropriately based on the record that was actually before the California courts. For these reasons, petitioner's request for a subpoena will be denied.

3. <u>Motion for Appointment of Expert</u>

Petitioner asks that the court appoint an expert to conduct the gunshot residue testing addressed above. Because the court is not granting the request for testing, this request also will be denied.

4. <u>Requests to Conduct Discovery</u>

On September 7, 2010, petitioner filed discovery requests directed to respondent. Under Rule 6 of the Rules Governing Section 2254 Cases, the court may authorize a party to conduct discovery for good cause. Petitioner does not even attempt to establish good cause for the discovery, virtually all of which relates to the jacket referenced above. Petitioner certainly does not show that anything he seeks in discovery is something not already before the court, or, if it is not, is something the court could consider in resolving petitioner's claims given the nature of habeas review.

/////

1    The court notes that in his request for production, petitioner seeks permission to
2 inspect the packet of jury instructions that jurors were given to take into the jury room. With
3 respect to this request also, petitioner has not shown the requisite good cause. The jury
4 instructions given the jury should be part of the record before the court in the Clerk's Transcript,
5 and will be considered by the court to the extent appropriate.
6    Petitioner's request to engage in discovery will be denied.
7    Accordingly, IT IS HEREBY ORDERED that:
8    1. Petitioner's motion for an evidentiary hearing (docket #62) is denied.
9    2. Petitioner's motion for issuance of a subpoena (docket #63) is denied.
10   3. Petitioner's motion for appointment of an expert witness (docket #64) is
11 denied; and
12   4. Petitioner's requests to conduct discovery (docket #71, #72 and #73) are
13 denied.
14 DATED: December 19, 2010.

_____
U.S. MAGISTRATE JUDGE

1
yang2233.abs

3